311 F.Supp.2d 14 (2004)
PARTIDO REVOLUCIONARIO DOMINICANO (PRD) SECCIONAL METROPOLITANA DE WASHINGTON-DC, MARYLAND Y VIRGINIA, et al., Plaintiffs,
v.
"PARTIDO REVOLUCIONARIO DOMINICANO, SECCIONAL DE MARYLAND Y VIRGINIA," et al., Defendants/Counterclaimants.
No. CIV.A.01-1359(PLF).
United States District Court, District of Columbia.
March 25, 2004.
*15 Stanley H. Goldschmidt, Washington, DC, for Plaintiff.
Brett L. Antonides, McManus, Schor, Asmar & Darden, L.L.P., Washington, DC, for Defendant.

OPINION AND ORDER
PAUL L. FRIEDMAN, District Judge.
At the conclusion of the bench trial in this matter, the Court reserved ruling on the admissibility of two items of evidence offered by the defendants and requested supplemental briefs from the parties addressing this issue. Defendants thereafter filed a motion to admit evidence and a statement of points and authorities in support thereof, and plaintiffs filed an opposition. Upon consideration of the filings of the parties, the Federal Rules of Evidence and the relevant case law, the Court denies defendants' motion to admit evidence.

I. BACKGROUND
The defendants seek the admission of (1) a handwritten notation at the top of Defendants' Exhibit No. 11, and (2) a certified statement provided by Hatuey DeCamps, the President of the Partido Revolucianario Dominicano ("PRD" or "Party") and a translation thereof. The statement and the translation together were marked for identification as Defendants' Exhibit No. 31. Defendants concede that both the notation at the top of Exhibit No. 11 and the entirety of Exhibit No. 31 are hearsay statements that the defendants seek to have admitted for the truth of the matters asserted therein. Defendants argue, however, that the notation at the top of Exhibit No. 11 is admissible under any one of three exceptions to the hearsay rule: Rule 803(1) of the Federal Rules of Evidence (present sense impression), Rule 803(3) (then existing mental, emotional or physical condition), and Rule 803(6) (the business records exception). Defendants also assert that both the notation on Exhibit 11 and Exhibit 31 are admissible under Rule 807 of the Federal Rules of Evidence, the so-called residual exception.
The typewritten portion of Defendants' Exhibit No. 11 was admitted in evidence as an application that was submitted to the PRD, on or about November 4, 1999, by members of the proposed Seccional de Maryland y Virginia requesting recognition of the Seccional de Maryland y Virginia as an official seccional of the Party. During his testimony, Dr. Felipe Rodriguez, Vice President in Function of defendants' group, stated that Defendants' Exhibit No. 11 was his group's application for approval as an official seccional. The Court asked Dr. Rodriguez what the handwritten statement at the top of Defendants' Exhibit No. 11 said, and Dr. Rodriguez responded that it said, "`Okay,' followed by the names of Rafa Gamundy and Fausto Liz, who are two officials of the PRD, followed by the words `dar le curso,' which mean `allow it to proceed,' followed by the signature of Hatuey DeCamps, who is President of the PRD in the Dominican Republic, followed by the words `copy to Rafael Lantigua.'"[1] Plaintiffs agree that the handwritten notation at the top of Defendants' Exhibit No. 11, which is written in Spanish, is properly translated as "Okay, go ahead, proceed."
Dr. Rafael A. Lantigua, who is President of the Federal Committee and of the Federation *16 of Seccionales of the PRD in the United States, testified that Defendants' Exhibit No. 11 was received by the PRD in the Dominican Republic and was processed through official channels. Dr. Lantigua also testified that he was very familiar with the handwriting of Hatuey DeCamps and that the handwriting at the top of Defendants' Exhibit No. 11 was in fact that of President DeCamps. Defendants submit that Dr. Lantigua's testimony also established that President DeCamps' handwritten statement at the top of the Exhibit was made at the time that he was "perceiving (i.e., reading and responding to) the application submitted" to him by members of the proposed seccional and that the notation constituted his approval of the application and thus his approval of the seccional. Defendants/Counterclaimant's Motion to Admit Evidence and Statement of Points and Authorities in Support Thereof ("Defs.' Mem.") at 4.
On this basis, defendants request that the handwritten notation be admitted in evidence to prove the truth of the matter asserted  namely, that President DeCamps had indicated in writing that the application of the proposed seccional for recognition as an official seccional of the Party had been approved.
Defendants' Exhibit No. 31 for identification purports to be a certified statement provided by President DeCamps on December 17, 2001, confirming that in September 2000 the Political Commission of the PRD authorized Dr. Rafael Lantigua to swear in the Seccional de Maryland y Virginia as an official seccional of the PRD. Dr. Lantigua testified that when the issue of whether the Seccional de Maryland y Virginia had been properly approved as a seccional of the PRD was first brought to his attention in connection with this lawsuit, he requested confirmation from President DeCamps  the highest ranking officer in the PRD, the official spokesperson of the Party, and the Chairman of the Political Commission that approves new seccionals under the by-laws of the Party. According to Dr. Lantigua, President DeCamps provided the certified statement that is Defendants' Exhibit No. 31 in response to Dr. Lantigua's inquiry. Dr. Lantigua testified that he received this document and that the signature on it is that of President DeCamps.
On this basis, defendants request that Defendants' Exhibit No. 31 be admitted in evidence to prove the truth of the matter asserted  namely, that the Political Commission of the PRD in fact had approved the proposed Seccional de Maryland y Virginia and authorized it to be sworn in as an official seccional of the Party.

II. DISCUSSION

A. Rule 803 Exceptions: Exhibit No. 11
Rule 803(1) of the Federal Rules of Evidence provides an exception to the hearsay rule for present sense impressions. It states that the following is not excluded by the hearsay rule even if the declarant is available as a witness: "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." FED. R. EVID. 803(1). The Advisory Committee Note to Rule 803(1) explains the limited scope of the exception: "The underlying theory of Exception [paragraph] (1) is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." FED. R. EVID. 803 advisory committee's note. The "critical element" of the exception therefore is contemporaneity; "the statement must be made at the time that the event or condition is being perceived or immediately thereafter." 4 STEPHEN A. SALTZBURG, MICHAEL M. MARTIN & DANIEL J. CAPRA, *17 FEDERAL RULES OF EVIDENCE MANUAL § 803.02[2] [a] (8th ed.2002).
In this case, there is no evidence that President DeCamps' statement reflected in the notation at the top of Defendants' Exhibit No. 11 was made contemporaneously with his perception of any event or condition relating to the supposed authorization of the seccional that he may have been perceiving, or immediately thereafter. No witness at trial testified as to when President DeCamps made the notation. While defendants argue that the notation was "made at the time that DeCamps was perceiving, i.e., reading and responding to the application," Defs.' Mem. at 4, they have offered no evidence to support this assertion and there is none in the record. So far as the evidence before the Court is concerned, this notation could have been made at any time. In the absence of evidence of the critical element of contemporaneity, the exception set forth in Rule 803(1) does not apply. See United States v. Santos, 201 F.3d 953, 963-64 (7th Cir.2000) (handwritten note on worker's complaint inadmissible because no evidence that writing was contemporaneous with event documented in complaint); Hynes v. Coughlin, 79 F.3d 285, 294 (2d Cir.1996) (statement inadmissible because no proof "that report was made at or immediately after the time of event as is required"); Alexander v. Cit Technology Financing Services, Inc., 217 F.Supp.2d 867, 882-83 (N.D.Ill.2002) (proponent of handwritten notes provided "no evidence regarding either the time of her confrontations or the time she wrote her notes;" notes therefore inadmissible under present sense impressions exception). See also New York v. Microsoft Corp., Civil Action No. 98-1233, 2002 WL 649951, *2, 2002 U.S. Dist. LEXIS 7683, at *7 (D.D.C. April 12, 2002) (email drafted several days after event not present sense impression of occurrence).
Rule 803(3) contains another exception to the hearsay rule that permits the admission of the following with respect to a declarant's "state of mind":
A statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification or terms of declarant's will.
FED. R. EVID. 803(3).
Defendants argue that "the handwritten statement [at the top of Exhibit 11] shows President DeCamps' mental state of mind (i.e., his intent) that was existing at the time he recorded the statement ... indicating that it was his belief that the application ... had been approved." Defs.' Mem. at 5. Rule 803(3) by its very terms, however, excludes statements of this kind, expressly stating that the "state of mind" exception to the hearsay rule does not include "a statement of memory or belief to prove the fact remembered or believed." FED. R. EVID. 803(3). Since by defendants' own admission President DeCamps' handwritten notation indicates only his "belief" that the application had been approved, it cannot be admitted under Rule 803(3). See United States v. Sayakhom, 186 F.3d 928, 937 (9th Cir.1999) (defendant's "attempt to introduce statements of her belief (that she was not violating the law) to prove the fact believed (that she was acting in good-faith) is improper" under Rule 803(3)); New York v. Microsoft Corp., 2002 WL 649951, *3, 2002 U.S. Dist. LEXIS 7683, at *13 (statement offered "to establish truth of [a] belief" is inadmissible under Rule 803(3)); Walker v. NCNB National Bank of Florida, 810 F.Supp. 11, 13 (D.D.C.1993) (overheard statement by party *18 that he had not seen certain documents "directly relates to [party's] memory of whether he had seen the relevant documents" and therefore is not admissible under 803(3)) See also F ED. R. EVID. 803 advisory committee's note ("The exclusion of `statements of memory or belief to prove the fact remembered or believed' is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind.").
Rule 803(6), the business records exception to the hearsay rule, provides that the following is not excluded by the hearsay rule:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, ....
FED. R. EVID. 803(6). For the business records exception to apply the record must have been made "at or near the time" of the transaction and "kept in the course of a regularly conducted business activity," and it must be "the regular practice of that business activity to make the record." Id.
Defendants in this case have not laid a sufficient foundation to invoke the business records exception. First, like Rule 803(1), Rule 803(6) has a requirement of contemporaneity. See FED. R. EVID. 803(6) ("made at or near the time"); United States v. Lemire, 720 F.2d 1327, 1350 (D.C.Cir.1983) ("lengthy interval between the time the memorandum was written and some of the events it describes ... does not meet [Rule 803(6)'s] `timeliness' requirement"'). As previously noted, there has been no evidence whatsoever that President DeCamps' notation was written "at or near the time" of the event to which it refers, that is, the supposed approval of the seccional. Second, defendants have not shown that President DeCamps' notation was made "in the course of a regularly conducted business activity" or that it was "the regular practice" of President DeCamps or the PRD to make such notations in order to memorialize the establishment of a new seccional. See Rock v. Huffco Gas & Oil Co., Inc., 922 F.2d 272, 278-79 (5th Cir.1991) (assumption of reliability, accuracy and trustworthiness of records "collapses when any person in the process is not writing in the regular course of business.") (internal quotation omitted); United States v. Lemire, 720 F.2d at 1350 (memoranda not admissible because documents' creation not a demonstrated "regular business practice" of movant). Defendants have failed to offer any evidence to establish either of these prerequisites with respect to the notation at the top of Defendants' Exhibit No. 11.[2]

B. The Residual Exception: Exhibit No. 11 and Exhibit No. 31
Defendants maintain that both the notation at the top of Defendants' Exhibit No. 11 and the entirety of Defendants' Exhibit No. 31 should be admitted under Rule 807 of the Federal Rules of Evidence, the so-called residual exception. This Rule provides:
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, *19 is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by the admission of the statement into evidence.
FED. R. EVID. 807.
As this Court previously has noted, the residual exception to the hearsay rule is intended to be used "very sparingly." Boca Investerings Partnership v. United States, 128 F.Supp.2d 16, 22 (D.D.C.2000). The exception is "extremely narrow" and requires the proffered hearsay "to be `very important and very reliable.'" United States v. Washington, 106 F.3d 983, 1001-02 (D.C.Cir.1997) (quoting United States v. Kim, 595 F.2d 755, 766 (D.C.Cir.1979)). "Critical to the admission of a hearsay statement under [Rule 807] is a finding by the district court that the statement is trustworthy." United States v. Hall, 165 F.3d 1095, 1110 (7th Cir.1999). Accordingly, the proponent of an out-of-court statement sought to be admitted under Rule 807 "bears a `heavy burden to come forward with indicia of both trustworthiness and probative force.'" Boca Investerings Partnership v. United States, 128 F.Supp.2d at 22 (quoting United States v. Washington, 106 F.3d at 1002). Finally, because of the determination the Court must make under Rule 807(B)  that the statement is more probative "than any other evidence which the proponent can procure through reasonable efforts"  this Court has held that the proponent of a statement under Rule 807 also must demonstrate that the out-of-court declarant is unavailable and that the proponent has made "reasonable efforts" to obtain the presence of the declarant or his testimony for trial. See United States v. Hsia, 87 F.Supp.2d 10, 16-17 (D.D.C.2000).
With respect to the notation at the top of Defendants' Exhibit No. 11, defendants have failed to show the requisite "circumstantial guarantees of trustworthiness" equivalent to or comparable to the explicitly recognized exceptions to the hearsay rule. See United States v. Hall, 165 F.3d at 1100-11; see also SALTZBURG, supra, § 807.02[4] ("The most important requirement for residual hearsay is that it possess guarantees of trustworthiness equivalent to those supporting the Rule 803 and 804 exceptions."). Since the Court already has found a lack of contemporaneity and an inadequate foundation under various subparts of Rule 803 with respect to the notation, it follows that the notation lacks trustworthiness. Furthermore, the notation merely reflects President DeCamps' belief that the seccional had been authorized, and fails to identify the source of the information on which he based his belief. For this reason alone, the Exhibit No. 11 notation cannot be admitted under Rule 807. See Boca Investerings Partnership v. United States, 128 F.Supp.2d at 22 ("Plaintiffs are not even able to identify the source or sources of the critical information contained in the documents, let alone demonstrate that the statements made by the source or sources have any independent indicia of reliability and trustworthiness."). The Court must conclude that something as important as the approval of the seccional would have been documented in a more formal way and that if the approval had taken place there would have been something much more probative than President DeCamps' notation at the top of Defendants' Exhibit No. 11. See United States v. Kim, 595 F.2d at 765-66 (document inadmissible because defendant failed to provide "stronger evidence" of truth of matter asserted).
*20 Finally, defendants have provided no justification whatsoever for failing to produce President DeCamps to testify or for failing to take his deposition prior to trial so that he could be cross-examined by plaintiffs and his testimony could be evaluated by the Court. There is no indication that President DeCamps was unavailable either in person or by deposition, and defendants have not demonstrated any efforts they made to obtain his testimony. Without such reasonable efforts having been undertaken, the residual exception cannot be invoked. Compare United States v. Hsia, 87 F.Supp.2d. at 17. As Professor Saltzburg has noted: "Statements offered under the residual exception must be more probative than any other evidence reasonably available to prove the point ... [because] the residual exception should be reserved for cases of clear necessity." SALTZBURG, supra, § 807.02 [5].
With respect to the admissibility of Exhibit No. 31, the Court again notes that the defendants have failed to demonstrate that they made any efforts to secure President DeCamps' testimony at trial or to take his deposition. Because the certification concerns one of the most crucial issues in the case, plaintiffs are entitled to more than a single sentence, unexplained and unexplored, before the Court should consider it for the truth of the matter asserted. Plaintiffs were entitled to cross-examine President DeCamps or at least to know what efforts were made to obtain his testimony and why he was unavailable for them to examine him. See United States v. Darwich, 337 F.3d 645, 660 n. 20 (6th Cir.2003) (hearsay inadmissible under Rule 807 because "government has not shown how it exerted reasonable efforts to secure the testimony of the grand jury witnesses"); United States v. Zamora, 784 F.2d 1025, 1031 (10th Cir.1986) (no showing "as to efforts made by defendant to obtain the information from other sources" defeats claim under residual exception); United States v. Hsia, 87 F.Supp.2d. at 16-17.
Furthermore, Defendants' Exhibit No. 31 is too cryptic to be trustworthy or probative. It merely states that "in the month of September of the year Two Thousand (2000), the Political Commission of the Dominican Revolutionary Party, authorized Dr. Rafael Lantigua ... to swear the Sectional of Maryland, Virginia, United States." Defendants' Exhibit No. 31 at 2. The certification does not indicate that it was made on President DeCamps' personal knowledge, nor does it describe the process by which the Political Commission purportedly authorized the seccional. This one sentence certification lacks any indicia of trustworthiness, raises more questions than it answers, and cannot serve as evidence of the crucial issues in this case.
For all of the foregoing reasons, the Court will deny Defendants/Counterclaimant's Motion to Admit Evidence. The notation at the top of Defendants' Exhibit No. 11 and the entirety of Defendants' Exhibit No. 31 will be excluded from evidence and will not be considered by the Court in its decision. Accordingly, it is hereby
ORDERED that Defendants/Counterclaimant's Motion to Admit Evidence [62-1] is DENIED.
SO ORDERED.
NOTES
[1] This is a paraphrase of Dr. Rodriguez's testimony since no transcript of this portion of the trial has been prepared.
[2] The only evidence put forth by defendants concerning the practice of the PRD in approving seccionals in such a manner was Dr. Lantigua's vague testimony that such handwritten authorizations were "customary."